UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YVONNE FROST,<br><br>        Plaintiff,<br><br>-against-<br><br>NYC A.C.S.; CVR ASSOCIATES; NYC MTA; NYPD; UNITED STATES SD COURT; YONKERS FAMILY COURT; BRONX SUPREME COURT; BRONX LEBANON HOSPITAL; CITY OF NEW YORK (HRA); WHITE PLAINS SUPREME COURT,<br><br>        Defendants. | 19-CV-9330 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction. By order dated October 17, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

  The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff drafted this complaint using the general complaint form provided by this Court. After checking the box on the form to indicate that she invokes the Court's federal question jurisdiction, she lists the following (in the section in which she is asked to indicate which of her federal constitutional or federal statutory rights have been violated): "Denied me my leisurely home. Unfair treatment. Withhold information." (ECF 2 at 2.)[1] Plaintiff lists the places of occurrence as "Bronx, NJ, New York, Brooklyn," and the dates of occurrence as "2016 — present." (*Id.* at 5.) Plaintiff further asserts the following:

> I heard someone said "there is room for one more." Is City of New York greed that got them into hot water this morning. I waited and waited and waited as different masquerades went into their cubicles to get new orders process.
>
> According to the vision management said "an angel came in — light came in." I heard management further say "but look at this lil girl pulling such a heavy load behind her." Management as this Grand Concourse Bronx office said "a yacht and a swimming pool is too much — over abundance asked for."
>
> I heard one tell the other "Is you who kill her" and they are playing games. I believe they are working together to see this happen and to defeat me. I must have

---

[1] Page numbers refer to those generated by the Court's electronic case filing system.

a place/shelter to bring my child. I am not paying the price for shelter for anyone
else but myself.

(*Id.* at 5-6.) Plaintiff seeks declaratory and injunctive relief, and money damages. (*Id.* at 8-9.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## LITIGATION HISTORY

Between September 16, 2019, and November 6, 2019, Plaintiff filed more than thirty cases in this Court. Because Plaintiff abused the privilege of proceeding IFP, the Court has barred her from proceeding IFP, unless she obtains leave of Court to do so. *See Frost v. City of New York (HRA)*, No. 1:19-CV-8936, 5 (CM) (S.D.N.Y. Nov. 7, 2019) (describing Plaintiff's litigation history and imposing filing injunction).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 12, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge